UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KOSS CORPORATION,**
          **Plaintiff,**

      v.                                                  Case No. 12-CV-00854

**MAX SOUND CORPORATION,**
          **Defendant.**

## DECISION AND ORDER

Plaintiff Koss Corporation sues defendant Max Sound Corporation for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., and Wisconsin common law. Before me now is defendant's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, for an order transferring venue to the Central District of California pursuant to Fed. R. Civ. P. 12(b)(3).

Plaintiff is a Delaware corporation headquartered in Wisconsin that sells stereo headphones and related accessories to customers throughout the United States using its federally registered HEARING IS BELIEVING trademark. Defendant is a Delaware corporation headquartered in California that, at the time plaintiff commenced this suit, was in the process of developing audio software to improve the quality of digital audio files. Defendant had begun to promote the product it was developing but had not offered any software for sale.[1] At the time plaintiff brought this suit, defendant was using the slogan "Hearing is Believing" to promote its software on its website at maxsound.com and on

---

[1] Apparently, as of today, defendant still has not offered any software for sale.

social media websites including YouTube, Facebook and Twitter. These websites were accessible in Wisconsin, and maxsound.com informed consumers that a free early version of defendant's software for use on their mobile phones was available on the "Google Play" website at https://play.google.com/store/apps. However, no Wisconsin consumers had downloaded the software.[2]

On November 22, 2011 and February 10, 2012, defendant sought to register the marks HEARING IS BELIEVING and MAXD MUSIC HEARING IS BELIEVING with the United States Patent and Trademark Office ("USPTO"). On March 10 2012, the USPTO rejected defendant's applications advising defendant of plaintiff's trademark and its address in Wisconsin. Nevertheless, defendant continued to use the HEARING IS BELIEVING mark.

Because defendant raises the issue of personal jurisdiction in a motion to dismiss to be decided on the basis of written materials without an evidentiary hearing, plaintiff need only make a prima facie showing of jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). I take all well-pleaded facts as true and draw all reasonable inferences in plaintiff's favor. *Id.* Since the Lanham Act does not authorize nationwide service, *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011), personal jurisdiction in the present case is governed by the law of the forum state, Wisconsin. *See Tamburo*, 601 F.3d at 700. Under Wisconsin law, I must first determine whether defendant is subject to personal jurisdiction under Wisconsin's long-arm statute. *See* Wis. Stat. § 801.05. If so, I must decide whether

---

[2] As of October 24, 2012, only 20 people had downloaded the software of whom sixteen work with or for defendant and four are software developers in states other than Wisconsin. (Greg Halpern Aff. ¶ 8, ECF No. 14.)

2

the exercise of jurisdiction would violate due process. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996).

Plaintiff argues that I have jurisdiction over defendant under § 801.05(4)(a), the "Local injury; Foreign Act" provision, which authorizes the exercise of jurisdiction over a defendant who has committed an act outside the state that caused an injury within the state so long as, at the time of the injury, "[s]olicitation or service activities were carried on within this state by or on behalf of the defendant." A defendant engages in "solicitation activities" under § 801.05(4)(a) when it solicits business in Wisconsin with the expectation of financial benefit. *See Federated Rural Elec. Ins. Corp. v. Inland Power & Light Co.*, 18 F.3d 389, 393 (7th Cir.1994); *Pavlic v. Woodrum*, 169 Wis. 2d 585, 592 (Ct. App. 1992); *Fields v. Peyer*, 75 Wis. 2d 644, 653 (1977). A "solicitation" is "[t]he act or an instance of requesting or seeking to obtain something; a request or petition." Black's Law Dictionary (9th ed. 2009); *see also* Oxford English Dictionary, www.oed.com (last visited April 26, 2013) (defining the verb "solicit" as "[t]o entreat or petition (a person) for, or to do, something").

Assuming arguendo that defendant committed a foreign act that caused a local injury, plaintiff fails to show defendant was carrying out solicitation or service activities in Wisconsin at the time of the injury. Plaintiff argues that defendant was soliciting business in Wisconsin because its website was accessible here. However, it fails to allege facts that show defendant was using its website to solicit business. It is undisputed that defendant was not selling anything at the time of the alleged injury. Thus, while defendant may have been using its website to promote its software, it was not asking anyone for anything and

3

so was not engaging in solicitation. Therefore, plaintiff does not establish a prima facie case of jurisdiction under § 801.05(4)(a). *Cf. Marvel Manufacturing Co., Inc. v. Koba Internet Sales, LLC*, No. 11-C-961, 2012 WL 2466772, *4 (E.D. Wis. June 27, 2012) (finding jurisdiction under § 801.05(4)(a) where defendant had sold several thousand dollars worth of goods in Wisconsin).[3]

Even if the requirements of § 801.05(4)(a) were met, I conclude that exercising jurisdiction would violate due process. Due process requires that a defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Plaintiff contends that this requirement is met based on the "express aiming test" announced in *Calder v. Jones*, 465 U.S. 783 (1984), which authorizes a court to exercise jurisdiction over a nonresident defendant if the defendant committed an intentional act expressly aimed at the forum state with the knowledge that the effects of the act would be felt in that state. *Tamburo*, 601 F.3d at 703. To satisfy the *Calder* standard, plaintiff must establish both "a forum-state injury *and* 'something more,'" something showing specifically that defendant expressly aimed its activities at Wisconsin. *Id.* at 705–06; *see also Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir. 1985) (noting that after *Calder* "'the constitutional touchstone

---

[3] Plaintiff argues that defendant waived any objection to jurisdiction under the statute by not discussing it in its briefs. I disagree. While defendant does not directly address the statute, it does argue that it never solicited business in Wisconsin. (Def.'s Br. in Support 2, ECF No. 13; Halpern Aff. ¶ 11.) This raises questions about the applicability of § 801.05(4)(a). I also have discretion to consider waived arguments. *See, e.g.*, *U.S. v. Wilson*, 962 F.2d 621, 627 (7th Cir. 1992).

4

remains whether the defendant purposefully established 'minimum contacts' in the forum state'") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

Plaintiff argues that defendant's continued infringement after learning from the USPTO that plaintiff owned the mark and was located in Wisconsin satisfies this test. I disagree. The fact that defendant learned it was using the mark of a Wisconsin-based company is not sufficient to prove that defendant intentionally directed its activities at Wisconsin. This case resembles *Mobile Anesthesiologists Chicago v. Anesthesia Associates of Houston Metroplex, P.A.*, in which an Illinois plaintiff sent a Texas defendant a cease-and-desist letter demanding that it stop using the plaintiff's trademark on its website. 623 F.3d 440, 446–47 (7th Cir. 2010). When the defendant refused, the plaintiff brought an infringement action in Illinois arguing that the defendant's decision to continue using the mark knowing that it would injure plaintiff in Illinois was sufficient to subject it to personal jurisdiction. *Id.* The Seventh Circuit disagreed concluding that *Calder* required something more to show that the defendant had intentionally directed its activities at the forum. *Id.* Applying the same reasoning here, I conclude that I cannot constitutionally exercise personal jurisdiction over defendant. Thus, I need not consider defendant's alternative motion to transfer venue.

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for lack of jurisdiction (Docket #12) is **GRANTED**, and defendant's alternative motion to transfer venue (Docket #12) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 28th day of April 2013.

        s/ Lynn Adelman

        _____
        LYNN ADELMAN
        District Judge

6

Case 2:12-cv-00854-LA   Filed 04/28/13   Page 6 of 6   Document 23